# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SOUTHERN-OWNERS
INSURANCE COMPANY

    Plaintiff,

v.                                                Case No. 3:18-cv-1305-J-32MCR

MARONDA HOMES, INC. OF
FLORIDA, JROD PLASTERING
LLC, JOSEPH MANALANSAN, and
CHAMROEUN MANALANSAN,

    Defendants.

## **O R D E R**

Having successfully convinced the Court to dismiss this case because the Court lacked subject matter jurisdiction over a state law claim, Defendants now return seeking attorneys' fees under state law as "prevailing parties." But lacking subject matter jurisdiction over the case, the Court is likewise without subject matter jurisdiction over the attorneys' fees claim. In reaching this conclusion, the Court must respectfully disagree with a non-binding Eleventh Circuit opinion to the contrary.

## I. BACKGROUND

Southern-Owners Insurance Company filed a complaint for declaratory relief asking this Court to determine, among other things, whether Southern-Owners had a duty to defend or indemnify its insured, JROD Plastering LLC, and additional insured, Maronda Homes, Inc. of Florida, (collectively "Defendants") against a construction defect claim. (Doc. 1). Southern-Owners alleged diversity jurisdiction; however, the Court dismissed the Complaint without prejudice for lack of subject matter jurisdiction because Southern-Owners failed to satisfy the amount in controversy requirement. (Doc. 52).[1]

Based on this dismissal, Maronda and JROD separately moved for attorneys' fees and costs under § 627.428, Florida Statutes,[2] and Federal Rule

---

[1] Southern-Owners then refiled the suit in state court. (Doc. 57-1).

[2] Section 627.428 is substantive state law. See All Underwriters v. Weisberg, 222 F.3d 1309, 1311 (11th Cir. 2000). The statute reads:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2019). When applying Florida law, federal courts sitting in diversity jurisdiction can award fees under this statute. See Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1359 (11th Cir. 1982).

of Civil Procedure 54(d). (Docs. 53, 54). Southern-Owners responded to both motions, (Docs. 57, 58), and Maronda and JROD replied, (Docs. 62, 63). Southern-Owners subsequently filed sur-replies. (Docs. 64, 65).

## II. ANALYSIS

Although the parties spend most of their motions arguing whether Defendants are "prevailing parties," this case boils down to whether a federal court has the power to award fees based on state substantive law if it never had diversity jurisdiction over the underlying state claim to begin with. Because the Court finds that it lacks jurisdiction to award fees under § 627.428, it need not address whether Defendants are "prevailing parties" under the statute or the reasonableness of the requested fees.[3]

### A. The Court Lacks Jurisdiction to Award Attorneys' Fees Under State Law

This declaratory judgment action was premised on diversity jurisdiction. (Docs. 1, 51). As the Court is without diversity jurisdiction over the declaratory action, it also lacks jurisdiction over a claim for attorneys' fees under § 627.428. See S.-Owners Ins. Co. v. Tomac of Fla., Inc., 687 F. Supp. 2d 665, 667–68 (S.D. Tex. 2010) ("[I]f this Court lacks jurisdiction to hear claims brought under

---

[3] Defendants also requested legal assistant fees under § 57.104, Florida Statutes. (Docs. 53, 54). As § 57.104 is not triggered unless "attorneys' fees are to be determined or awarded by the court" under a separate fee-shifting statute, the analysis of § 627.428 controls and the Court need not analyze § 57.104.

3

Florida or Texas law, it also lacks jurisdiction to entertain a request for fees pursuant to those [state] laws as well. Outside of the exercise of valid diversity jurisdiction, state laws have no bearing upon the authority of federal courts, and therefore cannot bestow fee-shifting power.").

While the Court finds this reasoning persuasive, a panel of the Eleventh Circuit came to the opposite conclusion in an unpublished opinion with facts nearly identical to those here. See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc., 270 F. App'x 962 (11th Cir. 2008).[4] In Prime, an insurer brought a declaratory action against its insured based on diversity jurisdiction. Id. at 963. The district court dismissed the complaint for lack of subject matter jurisdiction. Id. Subsequently, the insured moved for attorneys' fees under § 627.428, Florida Statutes. Id. In affirming an award of fees to the insured as the prevailing party, the Eleventh Circuit held that (1) a judgment on the merits is not necessary to trigger § 627.428, (2) a dismissal for lack of subject matter jurisdiction is sufficient to trigger the statute, and (3) despite its inability to adjudicate the merits for want of diversity jurisdiction, the district court retained jurisdiction to award fees under the statute because the fee award is "collateral" to the dismissal. Id. at 964–65.

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Understandably, Defendants rely on Prime to support their claims for fees, as have a number of Middle and Southern District of Florida courts in awarding fees. See, e.g., Encompass Floridian Ins. Co. v. Dunn, No. 6:18-cv-228-Orl-41DCI, 2019 WL 2331649, at *1 (M.D. Fla. May 9, 2019) (relying on Prime to award fees under § 627.428 after a dismissal for lack of subject matter jurisdiction); Capitol Specialty Ins. Corp. v. Ortiz, No. 17-23329-Civ-SCOLA/TORRES, 2019 WL 383868, at *4 (S.D. Fla. Jan. 15, 2019) (same); Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc, No. 2:17-cv-55-FtM-38CM, 2018 WL 2945613, at *2 (M.D. Fla. May 25, 2018) (relying on Prime to award fees under § 627.428 after a dismissal for lack of ripeness).

In holding that the district court properly exercised jurisdiction to award fees, Prime recognized that "a district court may not adjudicate the merits of a claim once it has determined that it lacks subject matter jurisdiction . . . ." Prime, 270 F. App'x at 964 (citing Stanley v. CIA, 639 F.2d 1146, 1157 (5th Cir. Mar. 16, 1981)). However, the court reasoned, "that is not what we have here. The court's award of attorney's fees was collateral to the merits of the case and was therefore within the court's jurisdiction, even after the court determined it lacked subject matter jurisdiction over the underlying suit." Id. at 965 (emphasis added).

Respectfully, the Court finds this holding unpersuasive for two reasons. First, Prime's reasoning appears to conflict with published Eleventh Circuit

5

precedent. Second, the cases Prime relies on are distinguishable from Prime's facts and do not establish a federal court's jurisdiction to award fees based on a state statute in the absence of diversity jurisdiction.

**1. Prime's reasoning conflicts with prior Eleventh Circuit precedent.**

Key to its determination that the district court retained jurisdiction to award fees under § 627.428 is Prime's assertion that a fee award under that statute is "collateral to the merits of the case." Prime, 270 F. App'x at 965. This appears to contradict the reasoning of Certain British Underwriters at Lloyds of London, England v. Jet Charter Service, Inc., 739 F.2d 534 (11th Cir. 1984), a case which Prime did not discuss.

In Jet Charter, an insurer filed a diversity action against its insured seeking a declaratory judgment. Id. The district court granted the insured's motion for summary judgment, but reserved jurisdiction to award attorneys' fees under § 627.428. Id. The insurer appealed the order and the insured moved to dismiss the appeal on the basis "that the grant of summary judgment without an award of attorney's fees is not a final, appealable order under 28 U.S.C. § 1291." Id. at 535. Thus, the court explored whether such an order is appealable. Id. To aid in its determination, the court applied Florida law to determine whether an award of fees under § 627.428 is collateral, or integral, to the merits. Id. at 536.

The Eleventh Circuit stated that "an award of attorney's fees under Sec. 627.428 is 'an integral part of the merits' and must be part of any final judgment." [5] Id.; see Phillips v. Certain Underwriters at Lloyd's London, No. 6:04-cv-1430-Orl-DAB, 2005 WL 5926927, at *4 (M.D. Fla. Oct. 21, 2005) ("The Eleventh Circuit [in Jet Charter] has interpreted [§ 627.428], indicating that an award of attorney fees to a prevailing insured upon rendition of a judgment against insurer is not part of the costs and collateral to the main claim but, rather, is an integral part of the merits of the case and part of the plaintiff's damages."); see also Laborers Local 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla., 827 F.2d 1454, 1458 (11th Cir. 1987) ("Given that the federal court dismissed the case for lack of subject matter jurisdiction and the merits of the state claims have yet to be tried, it would be inappropriate to award fees under [Florida law] at this time.").[6]

---

[5] Initially, Jet Charter stated that "attorney's fees are not costs and are not collateral to the main action. Rather fees awarded under Section 627.428 are an integral part of the merits of the case and must be part of any final judgment." Jet Charter, 739 F.2d at 535. On rehearing, the Eleventh Circuit replaced that language with the language quoted above. See id. at 535–36. However, this modification did not substantively change the Eleventh Circuit's reasoning. Therefore, Jet Charter stands for the proposition that fees under § 627.428 are integral to, rather than collateral to, the merits of the claim.

[6] At first glance, Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988), might call into question the rationale of Jet Charter. However, the precise issue in Budinich was "whether a decision on the merits is a 'final decision' [and appealable] as a matter of federal law under § 1291 when the recoverability or amount of attorneys' fees for the litigation remains to be determined." Budinich, 486 U.S. at 199. Although the Supreme Court deemed fees under 42 U.S.C.

7

In reaching its conclusion, Jet Charter cited a Florida case which held that "attorney's fees recoverable by statute are to be regarded as 'costs' only when made so by statute. Otherwise, they are to be treated as an element of damages." Prudential Ins. Co. of Am. v. Lamm, 218 So. 2d 219, 219 (Fla. 3d DCA 1969) (citing State ex rel. Royal Ins. Co. v. Barrs, 99 So. 668 (Fla. 1924)). According to Jet Charter, Lamm stands for the proposition that if a statute specifies that attorneys' fees should be taxed as costs, then the fees are collateral to the merits; but if the statute mandates that they be incorporated into the final judgment, then the fees are integral to the merits. See Jet Charter, 739 F.2d at 536. By its own terms, fees under § 627.428 are integral to the merits. See § 627.428(3) ("When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.").

---

§ 1988 "collateral to the merits" for purposes of § 1291 appealability, id. at 200, the Court was interpreting a federal statute. (continued on next page).

The Supreme Court acknowledged that some "statutes creating liability for attorney's fees can cause them to be part of the merits relief," it just did not consider § 1988 one of them. Id. at 201. Therefore, Budinich has no bearing on Jet Charter's statement that a fee award under § 627.428, Florida Statutes, is an "integral part of the merits of the case," especially as Jet Charter cited Florida law to support its conclusion. See Jet Charter, 739 F.2d at 536 (citing Florida cases); see also United States v. Vega-Castillo, 540 F.3d 1235, 1237 (11th Cir. 2008) (For the Supreme Court to overrule [an Eleventh Circuit] case, its decision 'must have actually overruled or conflicted with [this court's prior precedent].' There is a difference between the holding in a case and the reasoning that supports that holding.") (internal citations omitted). The outcome might be different if the Budinich Court had interpreted a state statute or if the statutes at issue here and in Jet Charter were federal statutes.

8

Subsequent Florida cases provide support for this position. See Spiegel v. Williams, 545 So. 2d 1360, 1362 (Fla. 1989) (agreeing with Lamm); Smith v. Sitomer, 550 So. 2d 461, 462 (Fla. 1989) (agreeing with Spiegel).[7]

Although a number of federal district courts in Florida have found jurisdiction to award fees on similar facts and agreed with Prime that attorneys' fees are, in general, collateral to the merits, all did so in a conclusory manner and did not address the apparent conflict with Jet Charter. See Landmark Equity Fund II, LLC v. Residential Fund 76, LLC, No. 13-20122-CIV-HUNT, 2014 WL 12603175, at *1 (S.D. Fla. May 12, 2014) (awarding fees under a contractual provision); Oliva v. NBTY, Inc., No. 11-80850-CIV-

---

[7] While a pre-Spiegel Florida Supreme Court case appears to come to the opposite conclusion, it is distinguishable for two reasons. See Finkelstein v. N. Broward Hosp. Dist., 484 So. 2d 1241, 1243 (Fla. 1986) ("[A] post-judgment motion for prevailing party attorney's fees raises a 'collateral and independent' claim. Such is the case because the prevailing party simply cannot be determined until the main claims have been tried and resolved."). First, Finkelstein examines the medical malpractice statute, not § 627.428. See id.; see also § 768.56, Fla. Stat. (1981) (repealed 1985). Second, Finkelstein discusses post-judgment motions after claims have been "tried and resolved." See also Stockman v. Downs, 573 So. 2d 835, 837 (Fla. 1991) ("[T]he reference in [Finkelstein] to the 'collateral,' 'independent,' and 'ancillary' nature of claims for attorney's fees recognizes only that the proof required in such claims is not integral to the main cause of action.").

Here, we have a dismissal without prejudice, unlike if the main claims had been "tried and resolved." See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits . . . ."). Further, Finkelstein was decided before Spiegel, and Spiegel did not discuss it.

9

DIMITROULEAS, 2012 WL 12849958, at *5–6 (S.D. Fla. Apr. 26, 2012) (awarding fees under Florida's offer of judgment statute); Nat'l Union Fire Ins. Co. of Pittsburgh v. F. Vicino Drywall, Inc., No. 10-60273-CV-GOLD/McALILEY, 2011 WL 13214289, at *3 (S.D. Fla. Aug. 22, 2011) (awarding fees under § 627.428).

Even though Jet Charter was decided in a different context, its reasoning applies here. Because Jet Charter explicitly states that an award of fees under § 627.428 is integral to the merits of the claim—and relies on Florida law in doing so—the Court should follow that precedent.[8]

### 2. The cases Prime relies on are distinguishable from its facts and this case.

The cases cited by Prime fail to establish jurisdiction to award fees here because none of them examined a federal court's ability to award fees under a

---

[8] Jet Charter suggests that, in some cases, if an award of attorneys' fees is integral to the merits, then it may be added to the amount in controversy for diversity purposes. See Jet Charter, 739 F.2d at 536 ("Prudential consider[ed] whether an award of attorney's fees should be included in calculating the amount of the judgment. If so, the trial court had exceeded its jurisdictional limitation of $5,000, exclusive of interest . . . and costs.").

The Court recognizes that if it added Defendants' requested attorneys' fees to the amount in controversy here, diversity jurisdiction would attach to the declaratory action. However, as the Court explained in its order dismissing the case, for attorneys' fees and other defense costs to be included in the amount in controversy, they must stem from the underlying lawsuit that is the subject of the declaratory action, not the declaratory action itself. (Doc. 52 at 9–10). Therefore, any attorneys' fees that Defendants incurred while litigating this declaratory action do not count towards the amount in controversy.

state statute in a diversity case where there is no subject matter jurisdiction over the state claim to begin with.

The first two cases cited by Prime concern an award of fees under federal law. See Willy v. Coastal Corp., 503 U.S. 131, 138 (1992) (deeming Rule 11 sanctions collateral to the merits); Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 445 (9th Cir. 1992) (deeming fees under 28 U.S.C. § 1447(c) collateral to the merits in a diversity action).[9] That these cases found jurisdiction to award fees comports with jurisdictional principles because even if a federal court loses diversity jurisdiction over a state claim, it retains an independent grant of jurisdiction to award fees under an applicable federal statute or rule. See Tomac, 687 F. Supp 2d at 667 ("The exception . . . is when the fee statute itself contains an independent grant of jurisdiction."); see also, e.g., 28 U.S.C. § 1927 (allowing an award of fees when an attorney "multiplies the proceedings

---

[9] 28 U.S.C. § 1447(c) permits an award of fees if a case is remanded following an improper removal from state court. As Southern-Owners filed this case directly in federal court, that is not what we have here. Otherwise, the Court would have an independent grant of federal jurisdiction to award fees under an applicable federal statute.

In a case which Prime did not cite, but Moore did, the Supreme Court held that a federal court "may consider collateral issues after an action is no longer pending," and that "the imposition of costs, attorney's fees, and contempt sanctions" are collateral issues. See Cooter & Gell v. Hartmarx Corp. 496 U.S. 384, 395–96 (1990). However, the Court was analyzing only federal rules and statutes, so this holding does not resolve the question of whether a federal court may award fees under a state statute if it lacks diversity jurisdiction.

in any case unreasonably and vexatiously") (emphasis added). Entirely different is the situation here, where the source of fees arises from a substantive state statute.

The third case cited by Prime involved an award of fees under a state statute by a state court. See Morand v. Stoneburner, 516 So. 2d 270, 271 (Fla. 5th DCA 1987) (finding jurisdiction to award fees despite lacking jurisdiction to hear an appeal and holding that a fee award under a Florida medical malpractice statute is collateral to the merits). Again, this is different from this case because (1) a different statute is at issue; (2) unlike a federal court exercising diversity jurisdiction, if a state court loses jurisdiction over the underlying claim it would retain jurisdiction over an award of fees under a state statute regardless of whether the fees are "collateral to the merits;" and (3) federal courts are courts of limited jurisdiction whereas state courts are courts of general jurisdiction.

Notably, the Eighth Circuit, in a published decision, has questioned Prime's reasoning. See Dakota, Minn. & E. R.R. v. Schieffer, 715 F.3d 712, 713 n.2 (8th Cir. 2013). Schieffer involved a contract dispute. Id. at 712. After finding no federal question or diversity jurisdiction, the district court dismissed the claim and declined to award attorneys' fees under a contractual provision. Id. Although Schieffer is not entirely on point with our facts, its rejection of Prime's reasoning is instructive: "We find [Prime] unpersuasive, as it relied on

cases involving a court's jurisdiction to award sanctions under Rule 11 and 28 U.S.C. § 1447(c)." Id. at 713 n.2. Further, the Eighth Circuit stated:

> As there is neither diversity nor federal question jurisdiction over Schieffer's contract-based claim for attorneys' fees and expenses, federal jurisdiction must be based upon the district court's supplemental jurisdiction under 28 U.S.C. § 1367. But courts have uniformly held that, when original federal jurisdiction is wholly lacking (as here), this statute confers no discretion to exercise supplemental jurisdiction over remaining state-law claims.

Id. at 713; see also Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 n.11 (1st Cir. 1995) ("Supplemental jurisdiction . . . cannot survive the jurisdictional failure of the original claim.").

Although the Ninth Circuit has not addressed Prime, it has impliedly disagreed with its reasoning. See Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks jurisdiction at the outset of the case lacks the authority to award attorneys' fees."); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992) ("Standing is a jurisdictional issue, and if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees.'") (internal citations omitted) (quoting Latch v. United States, 842 F.2d 1031, 1032 (9th Cir. 1988)).

Further, a district court in Texas explicitly disagreed with Prime, and did so in a detailed manner. See Tomac, 687 F. Supp. 2d at 669–71. Tomac's facts are nearly identical to those here and involve the same Florida attorneys' fees statute. See id. at 666, 669. In Tomac, the court dismissed an insurer's

declaratory action for lack of subject matter jurisdiction because it failed to satisfy the amount in controversy requirement. Id. at 666. Subsequently, the insured moved for attorneys' fees under both Texas law and § 627.428, Florida Statutes. Id. at 669.

Like the Eighth Circuit in Schieffer, the Tomac court pointed out that Prime relied on cases "in which fees were awarded pursuant to Federal Rule 11 and [28 U.S.C.] Section 1447(c)." Id. In declining to follow Prime, the court noted that it "is not persuaded that the propriety of awarding fees pursuant to federal law can serve as the jurisdictional basis for federal enforcement of state fee-shifting provisions." Id. Finally, the court stated, "[o]utside of the exercise of valid diversity jurisdiction, state laws have no bearing upon the authority of federal courts, and therefore cannot bestow fee-shifting power." Id. at 668; see also Archer v. Silver State Helicopters, LLC, No. 06CV1229 JAH(RBB), 2007 WL 4258237, at *1 (S.D. Cal. Dec. 3, 2007) (examining a California fee shifting statute similar to § 627.428 and declining to award fees after dismissing for lack of diversity jurisdiction because "the general rule is that a district court lacks jurisdiction to award attorney's fees where it lacks subject matter jurisdiction over the underlying action").

"It is abundantly clear that, when a court is validly exercising diversity jurisdiction, it can and should award attorneys' fees pursuant to state substantive law. However, few courts have directly addressed the precise

14

question of whether a [federal] court may do the same in cases where it lacks lawful diversity jurisdiction." Tomac, 687 F. Supp. 2d at 667. The elusiveness of caselaw and secondary sources addressing this issue makes it somewhat novel. However, the few courts that have squarely addressed it have pointed out—accurately, this Court believes—that Prime's holding is incorrect. While this Court is reluctant to disagree with an Eleventh Circuit decision, even a non-binding one, a federal court may not act without subject matter jurisdiction. I find no subject matter jurisdiction to award fees under § 627.428, Florida Statutes, where the Court has dismissed the case for want of subject matter jurisdiction.

### B. The Court Will Award Costs

While the Court lacks jurisdiction to award attorneys' fees under state law, it retains jurisdiction to award costs under federal law. See Stavrakis v. Underwriters at Lloyd's London, No. 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *4 (M.D. Fla. June 29, 2018) ("Even in diversity cases . . . the taxation of costs by a federal court is controlled by federal rather than state law."). In cases where a district court dismisses a suit for "want of jurisdiction," 28 U.S.C. § 1919 controls the award of costs. See Ali v. Prestige Window & Door Installation, LLC, 626 F. Supp. 2d 1259, 1261 (S.D. Fla. 2009).

"Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" Miles v.

15

California, 320 F.3d 986, 988 n.2 (9th Cir. 2003). When proceeding under § 1919, the Court is not bound by the costs enumerated in 28 U.S.C. § 1920, but that list of costs can be a useful guide. See Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998). Maronda and JROD request $38.25 and $164.25 in costs, respectively. These totals include printing costs and the cost to obtain certain documents. The Court finds an award of costs just in this situation and grants Defendants' motions as to costs.

Accordingly, it is hereby

**ORDERED:**

1. Maronda Homes, Inc. of Florida's Motion for Attorneys' Fees, Legal Assistant Fees, and Costs (Doc. 53) is **DISMISSED without prejudice in part and GRANTED in part**.

   a. Maronda's motion for attorneys' fees is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

   b. Maronda's motion for costs in the amount of $38.52 is **GRANTED**.

2. JROD Plastering LLC's Motion for Entitlement to Attorneys' Fees, Legal Assistant Fees, and Costs (Doc. 54) is **DISMISSED without prejudice in part and GRANTED in part.**

   a. JROD's motion for attorneys' fees is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

   b. JROD's motion for costs in the amount of $164.25 is **GRANTED**.

3. The Court assumes that Southern-Owners will voluntarily pay the costs no later than **May 8, 2020**. If not, then Defendants may move to have a cost judgment entered.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

mbd
Copies to:
Counsel of record